IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRENT D CLEMENS, : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | CASE NO. 5:14-CV-217-MTT-MSH |
| Warden TOM GRAMIAK, : | |
| : | |
| Respondent. : | |
| : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's motion to dismiss Petitioner's application for habeas relief as untimely. (ECF No. 7.) For the reasons described below, it is recommended that Respondent's motion be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as untimely.

## BACKGROUND

On August 30, 2006, in the Superior Court of Upson County, Petitioner was found guilty of child molestation. (Resp't's Ex. 2 at 1, ECF No. 9-2.) His conviction was affirmed on direct appeal by the Georgia Court of Appeals on October 12, 2012. *Clemens v. State*, No. A12A1146 (Ga. App. Oct. 12, 2012). Petitioner did not seek certiorari with the Georgia Supreme Court.

On July 3, 2013, Petitioner filed a state application for habeas relief in Dooly County. (Resp't's Ex. 2 at 2.) The Superior Court of Dooly County issued a final order

on September 16, 2013 denying Petitioner habeas relief.[1] (*Id*. at 9.) Petitioner filed an application for a certificate of probable cause in the Supreme Court of Georgia on October 10, 2013 but did not file the notice of appeal in the trial court until October 17, 2013. (Resp't's Ex. 3, ECF No. 9-3.) On April 22, 2014, the Supreme Court denied this application as untimely filed due to the late notice of appeal.[2] (*Id*.) Petitioner executed his federal application for habeas relief on May 28, 2014. (Pet. for Writ of Habeas Corpus 7, ECF No. 1.)

## DISCUSSION

Respondent moves to dismiss Petitioner's application for habeas relief claiming that it was filed outside the one-year limitations period. Petitioner responded to the motion admitting failure to meet the limitations period deadline but arguing ignorance and misunderstanding of the time limits as reasons for the Court to excuse the untimeliness of his petition. (Pet.'s Resp. 2, ECF No. 10.) As explained below, Petitioner's application for habeas relief is untimely and Respondent's motion to dismiss should be granted.

## I. The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the

---

[1] Although the state habeas court's order is dated September 12, 2013, the Supreme Court of Georgia stated in its order dismissing the certificate of probable cause to appeal that the habeas court order was issued on September 16, 2013. (Resp't's Ex. 3, ECF No. 9-3.) The date relied upon by the Supreme Court is more beneficial to Petitioner, so the Court will use September 16, 2013 as the relevant date for that order.

[2] Petitioner also filed a motion for reconsideration regarding his petition for a certificate of probable cause, which was denied by the Supreme Court of Georgia on June 2, 2014. (Resp't's Ex. 4, ECF No. 9-4.)

interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted this time bar:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II. Petitioner's Application is outside the AEDPA one-year limitations period

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner was sentenced on August 30, 2006 and timely appealed to the Georgia Court of Appeals. (Pet. for Writ of Habeas Corpus 2-3.) The court of appeals affirmed his conviction and sentence on October 12, 2012. *Clemens v. State*, No. A12A1146 (Ga. App. Oct. 12, 2012). Petitioner thereafter had ten days within which to file notice of

3

intention to apply for certiorari with the Georgia Supreme Court.  Ga. Sup. Ct. R. 38(1). Petitioner did not file such notice or otherwise appeal the decision of the Georgia Court of Appeals.  Thus, Petitioner's judgment became final ten days from October 12, 2012— October 22, 2012.  *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner had one-year from October 22, 2012, until October 22, 2013, within which to file his federal application for habeas relief unless the limitations period was tolled.  28 U.S.C. § 2244(d).  He filed his state application for habeas relief on July 3, 2013, which tolled the AEDPA limitations period with 110 days remaining.  (Resp't's Ex. 1.)  The final order on his state application for habeas relief was filed on September 16, 2013.  (Resp't's Ex. 2.)  Petitioner filed an application for a certificate of probable cause to appeal to the Georgia Supreme Court on October 10, 2013, but it was dismissed for failure to file a notice of appeal in the trial court within thirty days as required in O.C.G.A. § 9-14-52(b).  Since Petitioner's application for a certificate of probable cause was dismissed due to the untimely notice of appeal, the time that motion was pending does not toll the limitations period.  *See, e.g., Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) ("[A] state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's *timely* filing of a petition for review at the next level.") (emphasis in original); *cf. Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (finding that if a motion for out-of-time appeal is *granted*, a judgment becomes

4

final at the end of the consideration of the out-of-time appeal); *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003) (explaining that federal courts are bound by a state's determination of timeliness concerning an appeal in the state court). Therefore, the AEDPA limitations period therefore began to run again on October 15, 2013, thirty days after the final order in his habeas case.

The AEDPA limitations period expired 110 days later on Monday, February 3, 2014. Petitioner waited to file his federal application for habeas relief until May 28, 2014, 114 days after the limitations period expired. Petitioner's federal application for habeas relief, filed after the expiration of the limitations period, fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

Although Petitioner argues that the Court should excuse him from the application of the one-year limitations period due to his misunderstanding of the time limit set by the AEDPA, he is not entitled to such relief. In *Holland v. Florida*, 560 U.S. 631 (2010), the United States Supreme Court held that the AEDPA limitations period is subject to equitable tolling. 560 U.S. at 645. However, equitable tolling requires the petitioner show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quotation marks omitted). Petitioner puts forth no argument that any "extraordinary circumstance" prevented him from complying with the AEDPA's requirements. Instead, he argues only that it is unjust to bar a citizen from arguing a meritorious claim based on a procedural rule. (Pet'r's Resp. 2.) This is not sufficient to justify tolling the limitations period.

Therefore, Petitioner has not made the requisite showing for equitable tolling of the AEDPA statute of limitations on his federal habeas petition. As found above, Petitioner's petition is untimely and Respondent's motion to dismiss should therefore be granted.

### III. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability should be denied.

### CONCLUSION

For the reasons described above, it is recommended that Respondent's motion to dismiss (ECF No. 7) be granted and Petitioner's action be dismissed as untimely. Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 20th day of November, 2014.

                                                  /s/Stephen Hyles
                                                  UNITED STATES MAGISTRATE JUDGE